NO. 07-03-0371-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 15, 2003



______________________________




ALBERTO RENE PACHECO AKA ALBERTO ANTONIO SAUCEDO


AKA ALBERTO PACHECO AKA ALBERTO PACHECO SOLIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 42,881-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)



MEMORANDUM OPINION



 Following a plea of not guilty, appellant was convicted by a jury of delivery of a
controlled substance, enhanced, and punishment was assessed at 90 years confinement. 
Proceeding pro se, appellant filed a notice of appeal in which he indicated he is indigent
and requested appointment of counsel. Based upon the rationale expressed herein, we
dismiss for want of jurisdiction.

 Appellant's sentence was imposed on December 11, 2001. His notice of appeal
bears a file stamp date from the trial court clerk of May 14, 2003. A defendant must file
a written notice of appeal with the trial court clerk within 30 days after the date sentence
is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Texas Rules of Appellate Procedure
provide for a 15-day extension in which to file the notice of appeal if it is accompanied by
a motion for extension of time. Tex. R. App. P. 26.3. This Court is without jurisdiction to
address the merits of an appeal and can take no action other than to dismiss the appeal
if it is not timely perfected. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998). 
Appellant's notice filed approximately 17 months after sentence was imposed is untimely
and does not invoke our jurisdiction. (2)

 Accordingly, the purported appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. The conviction appealed from was previously affirmed by this Court in an
unpublished opinion on December 17, 2002, in Cause Number 07-02-0076-CR.



t appealed only from the termination of her parent-child relationship with
J. L. M. By two issues she challenges the legal and factual sufficiency of the evidence to
support certain of the trial court's findings. Her first issue challenges the evidentiary
support for the trial court's finding that she knowingly allowed the child to remain in
conditions or surroundings which endangers the physical or emotional well-being of the
child. Her second issue challenges the evidentiary support for the finding that she
engaged in conduct or knowingly placed the child with persons who engaged in conduct
which endangers the physical or emotional well being of the child. 

 The Department asserts that the evidence is both legally and factually sufficient to
support the challenged findings. Additionally, the Department notes that appellant does
not challenge the trial court's findings that (1) appellant failed to support J. L. M. in
accordance with her ability during a period of one year ending within six months of the date
of the filing of the petition by the Department and (2) termination of the parent-child
relationship was in J. L. M.'s best interest. The Department urges that such unchallenged
findings are sufficient to support the trial court's judgment even if appellant's issues are
sustained on appeal. We agree with the Department that the unchallenged findings of the
trial court require us to affirm the judgment.

 A trial court may order termination of the parent-child relationship if the court finds
by clear and convincing evidence that (1) the parent has committed or engaged in one of
the matters enumerated in Section 161.001(1) of the Family Code and (2) termination is
in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon Supp.
2001); In re M.D.S., 1 S.W.3d 191, 197 (Tex.App.-Amarillo 1999, no pet.). If a trial court's
finding that the parent has committed or engaged in one of the matters enumerated in
Section 161.001(1) is sustained or not challenged, and the trial court's finding that
termination of the parent-child relationship is in the best interest of the child is not
challenged, the judgment will be affirmed. See id. at 199. 

 The judgment of the trial court is affirmed. Because the judgment is affirmed on
unchallenged findings, we need not address appellant's issues challenging sufficiency of
the evidence. See Tex. R. App. P. 47.1. 


 Phil Johnson

 Justice



Do not publish.



 
1. The parties refer to the child by name.